IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                                Plaintiff,<br><br>v.<br><br>EDWAR JOSE SALAZAR-BELLEDA (10),<br><br>                                Defendant. | Case No. 21-20008-10-DDC |

### MEMORANDUM AND ORDER

Defendant Edwar Jose Salazar-Belleda has filed a pro se[1] Motion for Adjustment of Sentence (Doc. 334). The motion invokes 18 U.S.C. § 3582(c)(2), which authorizes the court to reduce a sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]" Mr. Salazar-Belleda asserts that the Sentencing Commission lowered his sentence with the retroactive Amendment 821 to the Sentencing Guidelines.

Amendment 821 created U.S.S.G. § 4C1.1, which provides for a two-level decrease in a defendant's offense level if the defendant (1) has zero criminal-history points and (2) meets certain criteria. Here, Mr. Salazar-Belleda has zero criminal-history points. Doc. 291 at 45 (PSR ¶ 158). But he doesn't meet the rest of § 4C1.1's criteria. To benefit from a zero-point adjustment, a defendant must not have "possess[ed] . . . a firearm or other dangerous weapon

---

[1] People in prison "who proceed pro se . . . are entitled to liberal construction of their filings[.]" *Toevs v. Reid*, 685 F.3d 903, 911 (10th Cir. 2012); *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

. . . in connection with the offense[.]" U.S.S.G. § 4C1.1(a)(7).  Mr. Salazar-Belleda possessed a firearm in furtherance of the drug-trafficking crime to which he pleaded guilty.  Doc. 291 at 35, 44 (PSR ¶¶ 105, 143).  So, Mr. Salazar-Belleda isn't eligible for Amendment 821.  *See United States v. Foy*, No. 07-20168-04-JWL, 2024 WL 1604634, at *2 (D. Kan. Apr. 12, 2024) (finding defendant ineligible for Amendment 821 where defendant was convicted on drug charges and had zero criminal-history points but "received a two-level enhancement for possessing a firearm in connection with his offense").

Because Amendment 821 doesn't lower Mr. Salazar-Belleda's Guideline range, the court lacks jurisdiction to reduce his sentence.  *United States v. C.D.*, 848 F.3d 1286, 1289 (10th Cir. 2017) (explaining that, to secure sentence reduction under § 3582(c)(2), "the defendant must show he was sentenced based on a guideline range the Sentencing Commission lowered subsequent to defendant's sentencing" and if the defendant fails to make this showing, "the district court lacks jurisdiction over the defendant's motion and the motion must be dismissed").  The court thus dismisses the Motion for Adjustment of Sentence (Doc. 334).  It also grants the Motion for Status Update (Doc. 362) and provides this Order to Mr. Salazar-Belleda as the update on the request made in his motion.

**IT IS THEREFORE ORDERED BY THE COURT THAT** the Motion for Adjustment of Sentence (Doc. 334) is dismissed.

**IT IS FURTHER ORDERED THAT** the Motion for Status Update (Doc. 362) is granted.

**IT IS SO ORDERED.**

**Dated this 18th day of December, 2025, at Kansas City, Kansas.**

s/ Daniel D. Crabtree
Daniel D. Crabtree
United States District Judge
